IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    **Plaintiff**

    **v.**

$5,240.00 IN U.S. CURRENCY,

    **Defendant.**

CIVIL NO. 18-

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Hector E. Ramirez-Carbo, Assistant United States Attorney, Chief, Civil Division and Maritza González, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure.

### NATURE OF THE ACTION

1. This is a civil action <u>in rem</u> brought to enforce the provisions of Title 18, <u>United States Code</u>, Sections 981 (a) (1) (C) and 641; and Title 28, <u>United States Code</u>, Section 2461 (c).

### DEFENDANT <u>IN REM</u>

2. The defendant property seized by United States Internal Revenue Service-Criminal Investigation Division ("IRS-CI") agents consists of: $5,240.00 in U.S. Currency.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States Title 18, <u>United States Code</u>, Sections 981 (a) (1) (C) and 641; and Title 28, <u>United States</u>

1

Code, Section 2461 (c).

4.  This Court has in rem jurisdiction over the defendant currency pursuant to Title 28, <u>United States Code</u>, Section 1355 (b) (1) (A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1355 (b) (1) (B) (the defendant property is found in this district).

5.  Venue is proper in this district pursuant to Title 28, <u>United States Code</u>, Section 1355 (b) (1) (A) (acts and omissions giving rise to the forfeiture occurred in this district) and Section 1395 (the defendant property is found in this district).

BASIS FOR FORFEITURE

6.  This is a civil action <u>in rem</u> brought to enforce the provisions of Title 18, <u>United States Code</u>, Sections 981 (a) (1) (C) - Civil Forfeiture and 641 – Theft of Public Money; and Title 28, <u>United States Code</u>, Section 2461 (c) – Mode of Recovery.

FACTS

7.  The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in the Title 28, <u>United States Code</u>, Section 1746 unsworn declaration of the IRS-CI, Special Agent, Angel R. Jimenez attached hereto, and incorporated herein as if fully stated.

CLAIM FOR RELIEF

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant currency be issued; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant currency condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court

may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, this 21st day of May 2018.

ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney


*s/ Hector E. Ramirez-Carbo*
**Hector E. Ramirez-Carbo**
Assistant U.S. Attorney
Chief, Civil Division
U.S.D.C. # 214902
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico 00918
Tel. (787) 766-5656
Fax. (787) 771-4050
Hector.e.ramirez@usdoj.gov

*S/M Gonzalez*
**Maritza González-Rivera**
Assistant U.S. Attorney
U.S.D.C. #208801
# 350 Carlos Chardón Street
Torre Chardón
Hato Rey, Puerto Rico  00918
Tel. (787 766-5656
Fax. (787) 771 4050
Maritza.gonzalez@usdoj.gov

VERIFIED DECLARATION

I, Maritza González, Assistant U.S. Attorney, for the District of Puerto Rico, declare under penalty of perjury as provided by Title 28, United States Code, Section 1746, the following:

That the foregoing Complaint is based on reports and information furnished to me by the (IRS-CI); that everything contained therein is true and correct to the best of my knowledge and belief.

Executed in San Juan, Puerto Rico, this 21st day of May 2018.


*S/M Gonzalez*
**Maritza González-Rivera**
Assistant U.S. Attorney


VERIFIED DECLARATION

I, Angel R. Jimenez, IRS-CI, declare as provided by Title 28, United States Code, Section 1746, the following:

I have read the contents of the foregoing Complaint for Forfeiture in Rem and the attached unsworn declaration thereto, and I find the same to be true and correct to the best of my knowledge and belief.  I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Juan, Puerto Rico, this 21st day of May 2018.


Angel R. Jimenez
Special Agent
IRS-CI

4

## UNSWORN DECLARATION IN SUPPORT OF FORFEITURE COMPLAINT

### INTRODUCTION

Pursuant to Title 28, <u>United States Code</u>, Section1746, I, Angel Jimenez, declare under penalty of perjury that the foregoing is true and correct:

### PROFESSIONAL BACKGROUND

1. I am employed as a Special Agent (SA) of the Internal Revenue Service-Criminal Investigation Division (hereinafter IRS-CI), currently assigned to the Miami Field Division, Puerto Rico Post of Duty.  I have been so employed since October of 2009.  I possess a Bachelor's of Business Administration in Accounting from the University of Puerto Rico and a Juris Doctor from the University of Puerto Rico, School of Law.  Prior to being assigned to the Miami Field Office, I received 28 weeks of training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia.

2. During my employment with the IRS-CI, I have received training regarding financial crimes and have been exposed to investigations involving violations of Title 18, <u>United States Code</u>, Section §1028 (identity theft); Title 18, <u>United States Code</u>, Section §641 (theft of public funds); Title 18, <u>United States Code</u>, Section §371 (conspiracy) violations.  I have participated in said investigations performing money tracing, consensual recordings and other similar investigative techniques.  I have participated in financial investigations throughout my career as a special agent.

### PROPERTY TO BE FORFEITED

3. This unsworn declaration is offered in support for the forfeiture of the following asset seized from CARMEN HERNANDEZ-SOSA (SOSA) during the below referenced enforcement actions:

- U.S. Currency in the amount of five thousand two hundred forty dollars ($5,240.00).

## BASIS FOR FACTS CONTAINED IN THIS UNSWORN DECLARATION

4.  I make this unsworn declaration on information and belief derived from the following source:

5.  As a result of my participation in the SOSA et al investigation, I am familiar with the circumstances surrounding the seizure of assets, which the investigation revealed were the fruits of fraudulently obtained income tax refund checks. I make this assertion after reviewing the case documents as investigated by the case agent, Special Agent Thania Zayas-Hernandez (SA Zayas), including field interviews and analysis of the related bank account where numerous fraudulent income tax refund checks were deposited by SOSA.

6.  During 2012 through 2014, IRS-CI at the Puerto Rico Post of Duty participated in an investigation involving the cashing of fraudulent Treasury checks being cashed through a company in Puerto Rico. This company was identified as Suiza Dairy Corporation (Suiza), which is in the dairy products business. SOSA, an employee with Suiza, was identified as using the company bank account to negotiate these fraudulent Treasury checks.

7.  SOSA was an employee of Suiza and part of her duties included the cashing of checks at Suiza for fellow employees. SOSA was recruited by Co-defendant, EDGARDO CABAN (CABAN), to cash Treasury checks that CABAN had received from ALE L/N/U (ALE). SOSA cashed the Treasury checks through Suiza for CABAN. SOSA received cash and gifts from CABAN that ranged from twenty five dollars ($25.00) to one hundred dollars ($100.00). Approximately twenty-one (21) checks totaling approximately one hundred

fifty three thousand two hundred eighty dollars with seven cents ($153,280.07) were identified as being cashed by SOSA through Suiza.

8.  At some point in time, the authorities began recording conversations regarding the Treasury checks.  Those meetings are detailed below.

9.  On or about April 17, 2013, SOSA contacted CABAN regarding one of the Treasury checks that she had previously received to be cashed through Suiza.  SOSA stated that the check had been claimed by Suiza.  SOSA requested reimbursement from CABAN. During the conversation SOSA identified the claimed Treasury check as number 3158 04138122 in the name of Subject 1 and in the amount of five thousand two hundred thirty eight dollars ($5,238.00).  SOSA had a face to face meeting with CABAN on the same date and provided a copy of this check to him.

10. On or about April 18, 2013, SOSA and CABAN had another meeting at which time CABAN provided five thousand two hundred forty dollars ($5,240.00) in cash to SOSA for the reimbursement of the check.  SOSA turned these funds over to IRS-CI Special Agents to be held as evidence and eventually forfeited as part of the investigation.

11. On September 25, 2014, a Federal Grand Jury returned an indictment charging SOSA along with CABAN and ALE with violations to Title 18, United States Code, §371 (conspiracy); §641 (theft of government funds); and §1028A (aggravated identify theft). Also included in the Indictment was a forfeiture count to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property listed in the Indictment is U.S. Currency in the amount of five thousand two hundred thirty eight dollars ($5,238.00). *See* United States v. Mercedes, et. al., Criminal Case No. 14-575 (GAG).

12. On February 10, 2015, Edgardo CABAN-Santiago pled guilty to Count Two of the Indictment charging CABAN with violations to Title 18, <u>United States Code</u>, Sections 641 (Theft of Public Money) and 2 (Principals). *See* <u>Id</u>, Docket No.59. On April 27, 2016, CABAN was sentenced. *See* <u>Id</u>, Docket No. 117.

13. On March 25, 2015, Alexander (ALEX) Javier Mercedes pled guilty to Count One of the Indictment charging ALEX with violations to Title 18, United States Code, Section 371 (Conspiracy to commit theft of public money). *See* <u>Id</u>, Docket No. 65. On July 8, 2015, ALEX was sentenced. *See* <u>Id</u>, Docket No. 87.

14. On May 11, 2015, Carmen Hernandez-Sosa (SOSA) entered into a Pretrial Diversion Agreement with the Government.  As of January 11, 2016, SOSA had completed all of the conditions of the agreement.  The Government subsequently filed a motion to dismiss the Indictment pursuant to Rule 48 of the Federal Rules of Criminal Procedure, which was granted on January 12, 2016.  The subsequent dismissal did not address the funds seized in this investigation and included in the Indictment. *See* <u>Id</u>, Docket No. 111.

15. The statutory provisions pursuant to which the assets are subject to seizure and forfeiture are as follow:

a. Title 18, <u>United States Code</u>, Section 981 (a) (1) (C) – Civil Forfeiture - The following property is subject to forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section 215, 471, 472, 473, 474, 476, 477, 478, 479, 480, 481, 485, 486, 487, 488, 501, 502, 510, 542, 545, 656, 657, 670, 842, 844, 1005, 1006, 1007, 1014, 1028, 1029, 1030, 1032, or 1344 of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

b. Title 18, United States Code, Section 641 – Theft of Public Money – Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both. The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

c. Title 28, United States Code, Section 2461 (c) – Mode of Recovery – If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to to [1] the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

16. Based on the facts and circumstances stated herein, I declare that the evidence presented during the Carmen Hernandez-Sosa et al. investigation is material evidence of a commission of a violation of a Federal Law to wit: Title 18, United States Code, Section §641.  I further believe that there is evidence to establish the required nexus between the funds and the criminal violations pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461 (c).

I, Angel Jimenez, Special Agent of the Internal Revenue Service, do declare the above as provided by Title 28, United States Code, Section 1746.

In San Juan, Puerto Rico, this 16th day of May 2018.

Angel Jimenez
Special Agent
Internal Revenue Service

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

$5,240.00 IN U.S. CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Maritza González-Rivera, AUSA, 350 Carlos Chardon Ave, Suite 1201, Hato Rey, PR  00918

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

18 U.S.C. §981 (a) (1) (C) and 641; and 28 U.S.C. §2461 (c).

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE
5/21/2018

SIGNATURE OF ATTORNEY OF RECORD
s/Maritza González

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____



# United States District Court *for the* District of Puerto Rico

## CATEGORY SHEET

1.   Title of Case (Name of first party on each side only)

U.S. v. $5,240.00 IN U.S. CURRENCY,

2.   Category in which case belongs: (See Local Rules)

| | |
|---|---|
| X | ORDINARY CIVIL CASE |
| | SOCIAL SECURITY |
| | BANK CASE |
| | INJUNCTION |

CIVIL FORFEITURE

3.   Title and number, if any, of related cases (See Local Rules)

4.   Has a prior action between the same parties and based on the same claim ever been filed in this Court?

☐ YES      X NO

5.   Is this case required to be heard and determined by a District Court of three judges pursuant to Rule 28 U.S.C. 2284?

☐ YES      X NO

6.   Does this case question the constitutionality of a state statute (FRCP 24)?

☐ YES      ☒ NO

(Please Print)

USDC ATTORNEY'S ID NO.        USDC # 208801

ATTORNEY'S NAME:        Maritza González-Rivera

MAILING ADDRESS:        TORRE CHARDON, SUITE 1201, 350 CARLOS CHARDON AVE

HATO REY   PR        ZIP CODE   00918

TELEPHONE NO.        787-766-5656